TPW/LME: USAO 2018R00834

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2018 DEC 19  PM 5:04

CLERK'S OFFICE
AT GREENBELT

BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PJM 18cr632 |
| | * | |
| ISHMEL SESAY, | * | (Conspiracy to Commit Access |
| | * | Device Fraud, 18 U.S.C. § 1029(b)(2); |
| Defendant | * | Access Device Fraud, 18 U.S.C. |
| | * | § 1029(a)(2); Aggravated Identity |
| | * | Theft, 18 U.S.C. § 1028A; Forfeiture, |
| | * | 18 U.S.C. §§ 982(a)(2)(B) & |
| | * | 1029(c)(1)(C), 21 U.S.C. § 853, |
| | * | 28 U.S.C. § 2461(c)) |
| | * | |

*******

## INDICTMENT

### COUNT ONE
(Conspiracy to Commit Access Device Fraud)

The Grand Jury for the District of Maryland charges that:

#### Introduction

At all times relevant to this Indictment:

1. Defendant **ISHMEL SESAY** ("SESAY") was a resident of Maryland.

2. **Olubode Akinbolusire** ("Akinbolusire") was a resident of Maryland.

3. Victim A maintained a 1st Mariner Bank account associated with a Visa number ending in 2065.

4. Victim B maintained a Capital One Bank account associated with a MasterCard number ending in 6868.

5. An "access device," as defined in 18 U.S.C. § 1029(e)(1), was, among other things, a debit card number, a credit card number, or other means to access an account that could

be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value.

6. An "unauthorized access device," as defined in 18 U.S.C. § 1029(e)(3), was any access device that was lost, stolen, expired, revoked, canceled, or obtained with intent to defraud.

## The Conspiracy

7. Between at least in or about March 2014 and in or about September 2014, in the District of Maryland and elsewhere, the defendant,

**ISHMEL SESAY,**

did knowingly and willfully combine, conspire, confederate, and agree with **Akinbolusire** and others known and unknown to the Grand Jury to knowingly and with the intent to defraud use one or more unauthorized access devices during any one-year period, and by such conduct obtained anything of value aggregating $1,000 or more during that period, in a manner affecting interstate and foreign commerce, in violation of 18 U.S.C. § 1029(a)(2).

## Manner and Means of the Conspiracy

8. It was part of the conspiracy that **SESAY**, **Akinbolusire**, and others known and unknown to the Grand Jury obtained credit card and debit card numbers ("access device numbers") associated with other people's accounts.

9. It was further part of the conspiracy that **SESAY**, **Akinbolusire**, and others known and unknown to the Grand Jury caused these access device numbers to be encoded on the magnetic strips of blank cards and cards embossed with the names of **SESAY** and **Akinbolusire** (collectively, "re-encoded cards").

10. It was further part of the conspiracy that **SESAY, Akinbolusire**, and others known and unknown to the Grand Jury used these re-encoded cards to purchase gift cards, merchandise, and other things of value.

11. It was further part of the conspiracy that **SESAY, Akinbolusire**, and others known and unknown to the Grand Jury operated their scheme to purchase things of value using stolen access device numbers primarily in stores located on Fort Meade, Joint Base Andrews, Fort Myers, Fort Belvoir, and Joint Base Anacostia-Bolling.

## Overt Acts

12. In furtherance of the conspiracy, and to effect the objects thereof, at least one of the co-conspirators committed and caused to be committed the following acts, among others, in the District of Maryland and elsewhere:

 a. On or about September 7, 2014, at 3:19 p.m., **SESAY** used the access device number ending in 6868 of Victim B to purchase two Vanilla Visa gift cards and other miscellaneous items for $258.89 at the Fort Meade AAFES Main Store;

 b. On or about September 7, 2014, at 3:21 p.m., **Akinbolusire** used the access device number ending in 2065 of Victim A to purchase a $500 Vanilla Visa gift card at the Fort Meade AAFES Main Store;

 c. On or about September 7, 2014, at 3:30 p.m., **SESAY** used the access device number ending in 6868 of Victim B to purchase two Vanilla Visa gift cards and other miscellaneous items for $223.20 at the Fort Meade 24 Hour Express Store;

 d. On or about September 7, 2014, at 3:42 p.m., **SESAY** used the access device number ending in 6868 of Victim B to purchase two Vanilla Visa gift cards and

other miscellaneous items for $215.88 from the Fort Meade AAFES Gate 32 Express Store;

      e.      On or about September 7, 2014, at 3:46 p.m., **Akinbolusire** used the access device number of Victim A ending in 2065 to purchase two $100 Vanilla Visa gift cards and other miscellaneous items for $220.45 from the Fort Meade AAFES Gate 32 Express Store.

18 U.S.C. § 1029(b)(2)

## COUNT TWO
### (Access Device Fraud)

The Grand Jury for the District of Maryland further charges that:

1. The allegations in Paragraphs 1 through 6 and 8 through 12 of Count One are incorporated here.

2. Between at least in or about March 2014 and in or about September 2014, in the District of Maryland and elsewhere, the defendant,

**ISHMEL SESAY,**

knowingly and with the intent to defraud, used one or more unauthorized access devices during any one-year period, and by such conduct obtained anything of value aggregating $1,000 or more during that period, in a manner affecting interstate and foreign commerce.

18 U.S.C. § 1029(a)(2)
18 U.S.C. § 2

## COUNT THREE
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 6 and 8 through 12 of Count One are incorporated here.

2. On or about September 7, 2014, in the District of Maryland and elsewhere, the defendant,

**ISHMEL SESAY,**

during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c)(4), did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, the debit card number ending in 6868 associated with the Capital One Bank account belonging to Victim B, during and in relation to access device fraud, in violation of 18 U.S.C. § 1029(a)(2), as charged in Count Two of this Indictment and incorporated here.

18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 982(a)(2)(B) and 1029(c), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c) in the event of the defendant's conviction on Counts One and Two of this Indictment.

2. As a result of the offenses set forth in Counts One and Two of this Indictment, the defendant,

**ISHMEL SESAY,**

shall forfeit to the United States (a) all property, real and personal, used or intended to be used to commit the offense, and (b) any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such violation.

3. If, as a result of any act or omission of any defendant, any of the property described above as being subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

18 U.S.C. § 982(a)(2)(B)
18 U.S.C. § 1029(c)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

*Robert K. Hur/cmk*
Robert K. Hur
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**
Foreperson

Date: December 19, 2018